IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD L. JUST,

      Plaintiff,                             No. 2:12-cv-505-MCE-EFB PS

      vs.

COUNTY OF NEVADA; NEVADA COUNTY BUILDING DEPARTMENT; NEVADA COUNTY COUNSEL'S OFFICE; NEVADA COUNTY CODE COMPLIANCE OFFICE; BRIAN WASHKO; ROBERT CHOATE; RODNEY MCCLUNG; GREGORY SHAFFER; SHARI PARKER; and DOES 1-XXX,

      Defendants.                     <u>ORDER</u>

_____/

        This case, in which plaintiff is proceeding pro se and in forma pauperis, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On August 17, 2012, defendants filed a motion to dismiss plaintiff's complaint, and noticed the motion for hearing on October 3, 2012. Dckt. No. 19.

        On September 19, 2012, plaintiff filed a notice stating that he opposes the motion and that he intends to request permission to strike the motion to dismiss as untimely at the status

////

1

conference set for October 17, 2012.[1]  Dckt. No. 26.  Plaintiff argues that the motion to dismiss should be stricken as untimely since the U.S. Marshal mail served the complaint on June 21 and June 25, 2012, but the motion to dismiss was not filed until August 17, 2012.  *Id.* at 2.  Plaintiff also states that although he was informed by the clerk's office that a waiver of service was filed, plaintiff was not aware of such a waiver and did not consent to such a waiver.  *Id.* at 4.

However, the docket reveals that the U.S. Marshal mailed waivers of service to each of the defendants on June 20, 2012, that defendants timely returned their waivers of service, and that defendants filed their motion to dismiss within 60 days of receipt of the waivers of service, as provided in Federal Rule of Civil Procedure 4(d).  Dckt. Nos. 11-13; *see also* Dckt. No. 19.  Moreover, plaintiff has not requested that the clerk of court hold defendants in default, and no such default has been entered.  Therefore, plaintiff's request to strike the motion to dismiss as untimely will be denied, and defendants' motion to dismiss will not be stricken as untimely.

In light of plaintiff's pro se status, however, the hearing on the motion to dismiss will be continued and plaintiff will be given an opportunity to file an opposition addressing the arguments set forth in that motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to strike defendant's motion to dismiss as untimely, Dckt. No. 26, is denied.

2. The October 3, 2012 hearing on defendants' motion to dismiss, Dckt. No. 19, is continued to November 21, 2012 at 10:00 a.m. in Courtroom No. 24.

3. On or before November 7, 2012, plaintiff shall file an opposition to the motion and shall respond to the arguments set forth in the motion to dismiss.

////

---

[1] Although the status conference was originally set for October 17, on September 18, 2012, the status conference was continued to January 16, 2013 in light of the pending motion to dismiss. Dckt. No. 24.

2

1  　　　　4.  Failure of plaintiff to do so may be deemed a statement of non-opposition to the
2  motion, and may result in a recommendation that the motion be granted and/or that this action be
3  dismissed for failure to prosecute and for failure to comply with court orders and this court's
4  Local Rules.
5  　　　　5.  Defendants may file a reply to plaintiff's opposition, if any, on or before November
6  14, 2012.
7  　　　　SO ORDERED.
8  DATED:  September 24, 2012.　　　　　_____
　　　　　　　　　　　　　　　　　　　　EDMUND F. BRENNAN
9  　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE