IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. JUST, | |
| Plaintiff, | No. 2:12-cv-505-MCE-EFB PS |
| vs. | |
| COUNTY OF NEVADA; NEVADA COUNTY BUILDING DEPARTMENT; NEVADA COUNTY COUNSEL'S OFFICE; NEVADA COUNTY CODE COMPLIANCE OFFICE; BRIAN WASHKO; ROBERT CHOATE; RODNEY MCCLUNG; GREGORY SHAFFER; SHARI PARKER; and DOES 1-XXX, | |
| Defendants. / | ORDER |

This case, in which plaintiff is proceeding pro se and in forma pauperis, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On August 17, 2012, defendants filed a motion to dismiss plaintiff's complaint, and noticed the motion for hearing on October 3, 2012. Dckt. No. 19. Plaintiff originally requested to strike the motion as untimely. Dckt. No. 26. On September 24, 2012, the court denied that request but, in light of plaintiff's pro se status, continued the hearing on the motion to dismiss to November 21, 2012 to give plaintiff an opportunity to file an opposition addressing the arguments set forth in the motion to dismiss. Dckt. No. 27.

1

On November 7, 2012, rather than filing an opposition addressing the arguments set forth in the motion to dismiss, plaintiff filed a document that purports to clarify the allegations in his complaint. Dckt. No. 28. The document also requests leave to amend if the court "disagrees with [plaintiff's] position." *Id.* at 7. The court construes plaintiff's November 7 filing as a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

Rule 15(a)(2) provides that in all cases where a party does not have an automatic right to amend, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, there is no indication that plaintiff, who is appearing *pro se*, unduly delayed in seeking to amend his complaint or that his November 7 response to the motion to dismiss was filed in bad faith. In fact, the November 7 document was filed within the time prescribed for filing a revised opposition to defendants' motion to dismiss. Further, the court cannot say at this time that amendment would be futile. Additionally, although defendants have already filed a motion to dismiss the original complaint, if plaintiff's amended complaint suffers from the same failures that defendants contend the original complaint does, defendants can move to dismiss the

amended complaint on similar grounds. Therefore, defendants have completed little or no work that would be disturbed by granting plaintiffs leave to file their amended complaint. The burden of showing prejudice is upon the party opposing the amendment and defendants cannot carry this burden. Accordingly, plaintiff will be granted an opportunity to file an amended complaint.[1] *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

As a result, defendants' motion to dismiss, Dckt. No. 19, will be denied as moot. Plaintiffs' amended complaint will supersede the earlier complaint which that motion seeks to dismiss, rendering the earlier complaint of no legal effect and the motion to dismiss moot. *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 7, 2012 filing, Dckt. No. 28, is construed as a motion to amend the complaint and that motion is granted.

2. On or before December 3, 2012, plaintiff shall file an amended complaint containing all of plaintiff's factual allegations and purported causes of action. That complaint shall be labeled plaintiff's "First Amended Complaint."

3. Defendants' motion to dismiss, Dckt. No. 19, is denied as moot and the November 21, 2012 hearing thereon is vacated.

---

[1] Although plaintiff's November 7 filing seeks to clarify the allegations in plaintiff's complaint and requests further leave to amend, because it does not appear to be a comprehensive statement of plaintiff's allegations, plaintiff is given an opportunity to file a proper amended complaint. That complaint shall be labeled plaintiff's "First Amended Complaint" and shall include all of plaintiff's allegations against defendants. Plaintiff is reminded that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes all earlier complaints. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original complaint will no longer serve any function in this case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

1  4. Defendants shall file a response to plaintiff's amended complaint within the time
2  prescribed in the Federal Rules of Civil Procedure.
3  5. Failure to file an amended complaint within the time prescribed herein may result in a
4  recommendation that this action be dismissed for failure to prosecute and/or for failure to
5  comply with this court's orders.  *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110.
6  6. The January 16, 2013 status (pretrial scheduling) conference, *see* Dckt. Nos. 5, 10 and
7  24, is continued to March 27, 2013 at 10:00 a.m. before the undersigned.
8  7. On or before March 13, 2013, the parties shall file status reports as provided in the
9  March 6, 2012 order.
10  SO ORDERED.
11  DATED:  November 14, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4